UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TONYA WINANS, | : | Case No. 1:12-cv-539 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge J. Gregory Wehrman |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

### DECISION AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 23); (2) OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 25); AND (3) TERMINATING THIS CASE FROM THE DOCKET

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge J. Gregory Wehrman.  Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court, and, on August 19, 2013, submitted a Report and Recommendations.  (Doc. 23).  Plaintiff filed timely objections.  (Doc. 25).

First, Plaintiff argues that the Magistrate Judge misinterpreted Listing 1.02 when he stated that "Listing 1.02…defines 'ineffective ambulation' as, essentially, requiring an aid."  (Doc. 23 at 9).  However, the Magistrate Judge did not simply find that Plaintiff failed to meet Listing 1.02 because she did not use an ambulatory aid.  Rather, both the Magistrate Judge and the ALJ considered and assessed Plaintiff's clubbed feet and

degenerative knees, and based on that evidence, found that Plaintiff was capable of performing sedentary work activity. (*See* Tr. 28-29, 35).

Next, Plaintiff maintains that the Magistrate Judge improperly found that the ALJ provided adequate reasons for the distribution of weight amongst the medical opinions where the ALJ failed to analyze Dr. Deardorff's opinion.[1] If an ALJ decides to give a treating source's opinion less than controlling weight, he must give "good reasons" for doing so. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). However, Dr. Deardorff was not a treating physician; he simply completed a one-time consultative psychological evaluation. A one-time examining physician is not entitled to the presumptive weight assigned to a treating physician's opinion. *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).

Furthermore, while more weight is generally given to the opinions of examining medical sources than to non-examining medical sources, Social Security regulations recognize that opinions from non-examining state agency consultants may be entitled to significant weight, because these individuals are "highly qualified" and are "experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). Thus, it was not improper for the ALJ to give more weight to Dr. Haskins's opinion, even though Dr. Haskins did not perform a physical exam. Moreover, the ALJ did

---

[1] Dr. Deardorff opined that Plaintiff's ability to maintain attention, concentration, persistence, or pace is moderately limited and her ability to withstand the stress and pressure associated with day-to-day work activity is markedly impaired. (Tr. 587).

2

explain that he gave more weight to Dr. Haskin's assessment because it was more consistent with the medical evidence as a whole.[2] (Doc. 10, Tr. at 34).

As required by 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Report and Recommendations should be and is hereby adopted in its entirety; and Plaintiff's Objections to the Report and Recommendations are overruled. Accordingly:

1. The Report and Recommendations (Doc. 23) is **ADOPTED**;

2. The Commissioner's decision that Plaintiff is not disabled, and therefore not entitled to benefits, is **AFFIRMED**; and

3. This case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED**.

Date: 11/12/13              *s/ Timothy S. Black*
                            Timothy S. Black
                            United States District Judge

---

[2] Dr. Haskins completed a mental RFC in which she opined that Plaintiff was moderately limited in her ability to interact appropriately with the general public, accept instructions, and respond appropriately to criticism from supervisors and get along with coworkers or peers without distracting them or exhibiting behavior extremes. (Tr. 557).